UNITED STATES BANKUTCY COURT
EASTERN DISTRICT NEW YORK

```
                                    CLERK
                          U.S. BANKRUPTCY COURT
                          EASTERN DISTRICT OF
                                  NEW YORK

                          2020 MAR -9  P 1: 11

                               RECEIVED
```

19-46761
OBJecTion
TO plaintiffs
proof of CIAIM

---------------------------------X
In re:

SERENA ANTOINETTE MAY,

---------------------------------X

NOTICE OF OBJECTION TO PROOF OF CLAIM

SERENA A, MAY (natural person) has filed a objection to the proof of claim (s)

1. TED ERIC MAY attorney at law, Proof of claims is FALSE 851, 18 U.S.C. 152(4)
   a document filed in Bankruptcy proceeding a "proof of claim one that is known
   to be Factually untrue of the time the claim is filed. TITLE 11. the Attorney
   he knew or should have  known, FIRST FRANKLIN LOAN TRUST MOORTGAGE PASS
   THROUGH CERTIFICATES, SERIES 2005 FF10 is a SECURITY INSTRUMENT not a
   MORTGAGEISTRUMENT any longer it has been CONVERTED BY PAULSON, furthermore
   the CERTIFICATE has been terminated n 2005 ( closed/dead/res judicata) and
   the trustee was JAMES H. BYRNES. not Rachel Packer nor KENNETH FLICKINGER
   (Exhibit 1) under SEC.GOV this security instrument is TERMINATED 15D of the
   SEC.GOV. 1(a) once a security instrument is converted to a security instrument
   it can not be converted BACKWARDS, 1(2) MERS Mortgage Electronic Registery
   System "BIFURCATED" all the Mortgages from the "NOTE" the NOTE perfects,
   the NOTE that is the DISPOSITIVE INSTRUMENT that conveys to a secured
   1(3) TED ERIC MAY "ATTORNEY AT LAW stated claim is secured by LIEN is
   correct, except THE LIEN IS FILED BY SERENA A. MAY under UCC1 2017
   after trial. 09/29/2015 MEMORANDUM REPORT AFTER TRIAL. FILED 09/29/2015
   "Memorandum  report can not be appelled (Kenneth flinger had to back off
   he demanded a trial, he lied to court when he filed foreclosure WITHOUT
   NOTE, it's required in NEW YORK STATE " NYS NO ULTRA VIRES FILINGS" a
   ILLEGAL RULE." legal term for a CORPORATION performin a ACT WITHOUT
   legal AUTHORITY. is "ULTRA. CORPORATE activites outside of the corporation
   1(4) all actions are VOID PERIOD!

   EXAMPLE
   BURGER KING COUPON(S) YOU GET A TWO PAGES (2 PAGES, 1 IS THE DESCRPITION/
   " TASTE OF THE WHOPPER, HOW IT"S MADE, FLAM BROIL, CHEESE PLEASE" HOW YOU WANT
     HAVE IT YOUR WAY " THE DESCRIPTION OF THE WHOPPER PG 1 the coupons on the
     OTHER PAGE, is where you GET FREE FOOD. IS MISSING! " that's the NOTE!!
     " so it's like a homeless man DEMANDING A BUGER! " THE COUPON PART IS MISSING!
     " NEW YORK STATE RULE! NO ULTRA VIRES FILINGS!' OTHERWISE IS TO STEAL, ROB
      UNJUST RICHNES " CONTRACT LAW. " LAMPSON  V FORTESCUE,ECTRA.


   DUTIES OF LAWYERS CODE OF ETHICS
   CANNONE RULE.i REFUSE TO SITE, "TRUSTEE DUTY TO REORT NOTHING IS
   SWORN TO. WHICH IS REQUIRED. AS A ATTORNEY/ AGENT .

   NO DISRESPECT, " The plaintiff " Rachel Packer only got her licence

in 2009, she has no idea of what's really going on. "she was still in school.

TED ERIC MAY on the other hand " old man, knew or should have known, any actions are fraud, RACHEL PACKER " MIGHT BE EXCUESED, BUT NOT " TED PARKER. THEIF/ ALL ACTIONS ARE VOID.

" THE WHITE JUDGE PAM BLACKMAN BROWN THOUGHT IT WAS COOL TO SIGN (NEVER SEEN HER FACE. AT THIS TIME. I REJECT/OPPOSE


2. TRUSTEE MARIANNE DEROSIA "playing every role, IM THE BENEFICIARY!!!

SO AT ALTMES SERENA A,, MAY REJECTS   PROOF OF CLIAMS PERIOD.


3 PROOF OF CLAIMS to EDUCATION LOAN, SERENA MAY AKA SERENA MCCRARY. WAS IN PRISON and i never got a chance to attend any classes  JEW SIGNED MY NAME.

car note proof of claim amount is incorrect, total amount borrowed is 23,000 i put down 9000 and already paid 7,678.00 amount due less then 5,000.

This LIVING HUMAN is not askings this court for a TRIAL, im askings this court to reveiw the trial minutes and the results of the foreclosure trial, which resulted in a dismissal MEMORANDUM REPORT AFTER TRIAL. If you fail, democracy fails if you are not able to enforce the LAW. then making of the law is immaterial. A law is as good as it is EXCUTED ON THE GROUND. The court Honor Audrey Hershey Lord states the judge Pam Jackman Brown used hammer and thats law 2018, but Honor Tracy Fox used hammer also who hammer is louder or powerful? or Tracy Fox is not a JUDGE? fraud on the court photo of tracy fox kenneth flickinger and SERENA MAY at trial, i have only seen two judges TRACY FOX, AUDREY HERSHEY LORD. under ucc2013032035 every corporation is foreclosed.

The plaintiffs action are beyound fraud on the court,wire fraud unjust richness Rico act "RAMBO-LAWYERING- unethically,deed theif,title theif, lying to bankruptcy court conspricy Robinson v Audio Aktiengesellschft,56 F.3d 1259,1266(10th Cir. 1995) The court already ruled Honor Tracy Fox and HonorJustice KATZES, cheif of foreclosure Queens Supreme court, any actions by plaintiff(s) after trial is RES JUDICATA a matter that has been adjudicated by a competent and may not be pursued further by the same parties, and collatrel esstoppled, CLAIM PRECLUSION

Serena A. May will asks this court to reveiw the proof of claims by TED ERIC MAY dismissing his proof of claim and charging Ted Eric May for fraud on the court, 850 18 U.S.C. 152 (3) F,911,F.2D 734 (1990) The attorney willingly knowingly summitted proof of claim when he knew or should have known was fake. AFTER TRIAL there was never a appeal(5) years ago.

Rule 4.1 Truthfulness requires a lawyer to disclose material facts to avoid assisting a client's
crime or fraud. RULE 3,3 candor Toward the Tribunal) RULE 8.3 (Reporting misconduct) he has no respect
for the court for his law license and for the law, his action inputting in a 70 page motion full of lies, willingly and knowingly is gross misconduct at it's WORST it shocks the

conscience
PERCEIVED AS MANIFESTLY AND GROSSLY UNJUST.

SERENA A. MAY the living person will asks this court to agree with her and dismiss the proofs of claims as bogus
fraud on the court as to TED ERIC MAY REG# 2836385 AND HIS ENTIRE TEAM THERE MOTIONS ARE ALL PROOF OF FRAUD AND
"RAMBO-LAWYERING.

*Serena A. May* [signature]

SERENA A. MAY
BENEFICIARY.

DATE 3/09/2020
NOTARY [signature]

PIYUSH B. SONI
Notary Public, State of New York
No. 01SO6038647
Qualified in Kings County
Commission Expires March 20, 2022

## BILLING STATEMENT

ia May  
8 109th Road  
ica, New York 11433

REQ. #:  C-2015-0387

DATE:   02/02/2015

erena May

RTIFICATION CHARGES  
MBER OF DOCUMENTS              1  
$4.00 per document)

TAL CHARGES                $ 4.00

is not received within 30 days from the bill date on the billing statement, processing of new and
ests will be suspended. Pursuant to 31 USC 3717, charges will be assessed on payments received
e date, including interest accruing from the date the debt is owed.

mpany and Filing:   First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates,  
Series 2005-FF10  
8-K

)

------------------------------------------------ Cut along this line ------------------------------------------------

nents  
n now be submitted directly from a bank account or by credit/debit card using Pay.gov. The Pay.gov
ws remitters to make secure payments electronically to the SEC. It is an easy and convenient system
ble 7 days a week, 24 hours a day. The following link directs you to the Pay.gov website: https://
gov/. Please refer to the following link for detailed instructions to debtors on how to remit payments
 the Pay.gov website: http://www.sec.gov/about/offices/ofm/pay.gov-instructions.pdf

y Mail  
mail, checks or money orders should be made payable to the SEC and a copy of the invoice should
 our new payment address noted below. Please refer to the following link for detailed instructions
mit payments: http://www.sec.gov/about/offices/ofm.htm.

Payable to:   Securities and Exchange Commission

Mail to:      Enterprise Service Center  
              HQ Bldg, Room 181, AMZ-341  
              6500 South MacArthur Boulevard  
              Oklahoma City, OK 73169



# UNITED STATES OF AMERICA
SECURITIES AND EXCHANGE COMMISSION

## ATTESTATION

I HEREBY ATTEST

that:

Attached is a copy of Form 8-K, current report, dated October 28, 2005, received in this Commission on November 10, 2005, under the name of First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10 (Structured Asset Securities Corporation as depositor), File No. 333-127589-08, pursuant to the provisions of the Securities Exchange Act of 1934.

on file in this Commission

01/30/2015
Date

Larry Mills, Management and Program Analyst

It is hereby certified that the Secretary of the U.S. Securities and Exchange Commission, Washington, DC, which Commission was created by the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.) is official custodian of the records and files of said Commission and was such official custodian at the time of executing the above attestation, and that he/she, and persons holding the position of Deputy Secretary, Assistant Director, Records Officer, Branch Chief of Records Management, and the Program Analyst for the Records Officer, or anyone of them, are authorized to execute the above attestation.

For the Commission

Secretary

SEC 334 (9-12)





 **Toni Mccrary** added 4 new photos.



 m.facebook.com/hom

TRACY FOX

SERENA

LYNND ROSS

DEFENDANT

# Certification

**STATE OF NEW YORK, COUNTY OF QUEENS, SS:**

I, Audrey I. Pheffer, County Clerk and Clerk of Supreme Court Queens County,

do hereby certify that on December 26, 2019 I have compared

the document attached hereto,

10623/2012 PAPER FILED MEMORANDUM REPORT AFTER TRIAL filed 9/29/2015 page(s) 1-10.

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

*Audrey I. Pheffer*

**AUDREY I. PHEFFER**
**QUEENS COUNTY CLERK**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE HOLDERS OF THE FIRST
FRANKLIN MORTGAGE LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005-FF10,

       Plaintiff,

      Index No. 10623/2012

  -against-

      MEMORANDUM REPORT
      AFTER TRIAL

SERENA A. MAY a/k/a SERENA MAY,    BY: TRACY CATAPANO-FOX
ENVIRONMENTAL CONTROL BOARD,      COURT ATTORNEY
"JOHN DOE #1-10" AND "JANE DOE #1-10",    REFEREE
the names John Doe and Jane Doe being
fictitious, their identities being unknown to the
Plaintiffs, it being the intention of Plaintiff to    DATED: SEPTEMBER 11, 2015
designate any and all unknown persons, including,
but not limited to the tenants, occupants, corporations,
and judgment creditors, if any, holding or claiming
some rights, title, interest or lien in or to the
mortgaged premises herein,

      Defendants.
----------------------------------------------------------------X

FILED
SEP 29 2015
COUNTY CLERK
QUEENS COUNTY

  By order of the Honorable Martin Schulman, this matter was referred to me to hear and report all issues. I hereby make the following findings of essential fact which I deem established by the evidence and reach the following conclusions of law, for the review and determination of assigned Justice Oren Kitzes.

  Plaintiff commenced this action on May 18, 2012, for a judgment of foreclosure and sale due to defendant's default on a residential home mortgage and note for the property located at 167-38

1

109th Road, Jamaica, NY. The trial was held on April 13, 2015 and May 18, 2015, after which I render the following report.

## Findings of Fact

Plaintiff presented one witness, Gabriel Ruzzi, during trial. Mr. Ruzzi testified that he has been a bankruptcy and foreclosure specialist for Select Portfolio Servicing (hereinafter referred to as "SPS") for three and one-half years. Mr. Ruzzi stated that SPS is plaintiff's servicing company and attorney-in-fact, and presented a power of attorney dated October 17, 2008, admitted into evidence, from plaintiff to SPS. The power of attorney authorizes SPS to service the loan and represent the trust, and was recorded on July 28, 2010. Mr. Ruzzi presented the original note between defendant and First Franklin, A Division of Nat. City Bank of In., dated August 17, 2005, in the amount of $304,000, on the residential property located at 167-38 109th Road, Jamaica, NY 11433. The terms of the note set forth a 7% adjustable interest rate for a 30-year term, with a 3 year interest only period. Mr. Ruzzi also presented the mortgage on the above mentioned property, recorded with the NYC Department of Finance, Office of the City Register on September 15, 2005. The mortgage was between defendant and First Franklin, signed by defendant on August 17, 2005, and notarized before recording.[1] Mr. Ruzzi testified that defendant's loan is in default, and that there have been no payments made by defendant to plaintiff. Mr. Ruzzi presented a screen shot of SPS's file that demonstrates the loan is in default. Mr. Ruzzi then presented the notice of default dated July 26, 2011, and the 90-day notice dated May 26, 2011, both of which were sent to defendant by SPS,

---

[1] It is noted that during the trial, plaintiff presented a copy of the mortgage for admission as plaintiff's exhibit #3 for identification only. However, plaintiff subsequently presented the original mortgage documents which were admitted into evidence as plaintiff's exhibit #7.

and testified as to the mailing practices of SPS that resulted in these notices being mailed to defendant.

Defendant presented her own testimony as evidence during trial.[2] Defendant testified that she had a mortgage with Bank of America on the above-mentioned property in the amount of $304,000. She presented a letter from Bank of America, dated August 2, 2011, stating that effective October 1, 2008, the loan with account number 23511736, on the above-mentioned property, was paid in full. However, defendant presented no evidence that she possessed a loan on the above property with Bank of America, other than the letter. Defendant stated that she began receiving calls from SPS seeking payment of the mortgage, but she had no knowledge nor received any documents from SPS indicating that they were servicing her home loan. Defendant contacted Bank of America, who suggested she seek a validation of debt from SPS to support its claim. Defendant repeatedly requested the validation of debt, but did not receive it from SPS. Instead, SPS sent her a letter stating that it was looking into her request and would respond to her issues. However, defendant received no response and no confirmation that SPS was authorized to collect on a mortgage. Defendant also presented a wire transfer from the law firm of Lowenthal and Kaufman to Bank of America in the amount of $305,000, which referenced defendant's name and the date of transfer of

---

[2]Defendant sought an adjournment in order to obtain subpoenas for witnesses to testify from plaintiff's prior law firm and from the U.S. Securities and Exchange Commission. No other witnesses were called, but defendant obtained a judicial subpoena calling for plaintiff's trial counsel Kenneth Flickinger to testify. At one point, defendant sought the testimony of attorney Lowenthal, who defendant alleged improperly transferred funds by wire, but Mr. Lowenthal did not appear in court. Plaintiff's counsel moved to quash the subpoena for his testimony, arguing that he is not a fact witness and was not given an opportunity to argue against the issuance of the subpoena. Defendant failed to present sufficient grounds to warrant Mr. Flickinger to be called as a witness, and at some point in the trial, there appears to be confusion with regard to the discussion of Mr. Lowenthal or Mr. Flickinger. However, the referee clearly intended to state that Mr. Flickinger would not have to testify and granted plaintiff's motion to quash.

3

funds as August 22, 2005. Defendant stated that she is not familiar with Mr. Lowenthal and did not authorize a wire transfer. Defendant also testified that plaintiff's subsequent law firm mailed documents to her by US Postal Services, but that the package was stolen and removed by Federal Express. She further stated that she contacted a title company, who performed a search on her property but did not find any liens or loans on the above property. Finally, defendant presented for admission into evidence a pooling and servicing agreement dated October 1, 2005, from the U.S. Securities and Exchange Commission, titled First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10. Defendant alleges that her loan was bought and incorporated into this pooling and servicing agreement, as indicated in the caption of this case under plaintiff's name. Defendant testified that she is unfamiliar with SPS or US Bank, and never had a loan with either of them. She maintained that her sole mortgage on the property was with Bank of America, and that said loan was paid off according to Bank of America. She stated that she made numerous attempts to obtain a validation of debt from plaintiff and SPS, but to no avail.

While they were not admitted into evidence, the referee takes notice that the pleadings were filed with the County Clerk's Office, and there were three substantive court orders in this matter. By court order dated May 17, 2013, the case was released from the foreclosure settlement conference part, because defendant indicated her intent to litigate this matter. By court order of the Honorable Oren Kitzes, dated May 14, 2014, defendant's motion to dismiss for lack of standing was denied, and Judge Kitzes determined that plaintiff proved it was the holder of the note endorsed in blank. Finally, by court order of Judge Kitzes dated February 25, 2015, defendant's motion for sanctions and contempt was denied and discovery was closed.

Upon the conclusion of evidence, defendant moved to dismiss plaintiff's Complaint for lack

4

of standing and fraud upon the court, as well as conspiracy, tampering with the transcript, fraud in the factum, mail fraud and wire fraud. Defendant objected to the trial being heard by a referee rather than a Supreme Court justice. Defendant alleges fraud on the court because she argues that MERS cannot file foreclosure cases in New York, and that there is no proof the note in question was transferred to SPS or assigned by Fannie Mae. Defendant also argues that the July 28, 2010, power of attorney from US Bank to SPS is illegal because the originator is no longer in business. Further, defendant argues that plaintiff's witness Mr. Ruzzi's testimony should be stricken, because he had no license as a bankruptcy or foreclosure specialist and that he did not work for SPS when the note was originated. Defendant argues that her home loan was held by Bank of America, who notified her by letter dated August 2, 2011, that the loan was paid in full. Defendant does not claim that she paid the loan in full, but that Bank of America declared the loan satisfied, and therefore any claim by plaintiff is fake and fraudulent. Defendant argues that all of the mortgage recordings in the NYC Department of Finance Register's Office are fake and fraudulent. She repeatedly asked plaintiff for a validation of debt, which plaintiff refused to provide. Plaintiff's wire funding sheet which transferred $305,000 is improper, as it was made without defendant's consent. Further, defendant argues that the pooling and servicing agreement does not allow plaintiff as trustee to foreclose on the note. She states that the pooling and servicing agreement converted the loan from UCC 9 to UCC 3, then former Secretary of the Treasury Hank Paulson converted it to UCC 9, and based upon Article 2 and 8 of the pooling and servicing agreement, the investors gave up all rights to foreclose on the included mortgages in order to collect dividends on the investment. Finally, defendant argues that she should have been permitted to call Steven Lowenthal, who improperly transferred funds by wire in her name. She also argues that she should have been able to question plaintiff's trial counsel

Kenneth Flickinger, as she obtained a subpoena from the Honorable Jeremy S. Weinstein seeking his appearance. Based upon the above, defendant argues this matter should be dismissed.

Plaintiff opposed defendant's motion and seeks a judgment in its favor, striking defendant's Answer and for a referee to be appointed to compute. Plaintiff argued that the issue of standing was previously determined in plaintiff's favor by court order of the Honorable Oren Kitzes, dated May 14, 2014, and therefore defendant cannot reargue plaintiff's standing to proceed. Defendant never presented proof of her requests for validation of the debt, only a letter from plaintiff purportedly responding to issues presented by defendant at some unknown date. Plaintiff also argues it that met its burden of proving defendant defaulted on her mortgage, and that plaintiff provided all applicable notices to defendant before seeking a judgment of foreclosure. Plaintiff finally argues that defendant failed to prove the loan was satisfied, as the letter from Bank of America does not reference the specific loan, agreement, or amount in dispute. Plaintiff also is not required to validate the debt, and defendant's documentary evidence does not prove the note and mortgage were canceled upon securitization. Finally, plaintiff seeks a contempt hearing to address the unprofessional communications made by defendant to plaintiff prior to the first day of trial by telephone. Therefore, plaintiff argues that defendant's motion to dismiss should be denied and plaintiff is entitled to a judgment in its favor.

## Conclusions of Law

For plaintiff to present a <u>prima facie</u> proof of entitlement to judgment as a matter of law, it must present the mortgage and unpaid note, and evidence of defendant's default. (*See Loancare v. Firshing*, 2015 NY Slip Op. 06118 [2nd Dept. 7/15/2015].) A plaintiff may demonstrate that it is the

holder or assignee of the note by showing either a written assignment of the note or the physical delivery of the note. (*HSBC Bank USA, N.A. v. Roumiantseva*, 2015 NY Slip Op. 06315 [2nd Dept. 7/29/2015].) Physical delivery of the note to the plaintiff by its owner prior to the commencement of the action may, in some circumstances, be sufficient to transfer the mortgage obligation and create standing to foreclose. (*Aurora Loan Servs, LLC v. Taylor*, 25 NY3d 355 [2015].) However, transfer of the mortgage without the debt is a nullity, and no interest is acquired by it because the mortgage is merely security for the debt or obligation and cannot exist independently of the debt or obligation. (*See id.*; *Bank of N.Y. v. Silverberg*, 86 AD3d 274 [2nd Dept. 2011].)

The facts of this case are very similar to that in *Aurora v. Taylor, supra*. In that case, Deutsche Bank was the trustee of a pooling and servicing agreement, of which the defendant Taylors' loan was included. Deutsche Bank gave Aurora a limited power of attorney to execute documents related to loan modification and foreclosure. As trustee, Deutsche Bank became the owner of the note through an allonge indorsing the note to Deutsche Bank, in accordance with the pooling and servicing agreement. The allonge showed the chain of ownership from the originating mortgagee through indorsements ultimately leading to Deutsche Bank. However, defendants argued that plaintiff did not have proper standing to commence the foreclosure action.

The Court of Appeals in *Taylor* found that Aurora had standing to foreclose because it presented the pooling and servicing agreement authorizing Deutsche Bank as the lawful owner of the note, and the limited power of attorney from Deutsche Bank as trustee authorizing Aurora to foreclose on the trust's behalf. Further, Aurora presented an affidavit from someone with personal knowledge stating the date in which it took possession of the note, and affirmed it was prior to the commencement of the action. For those reasons, the Court affirmed the determination that plaintiff

7

had standing to foreclose.

These facts differ sharply from those presented in the current matter. At trial, plaintiff submitted a power of attorney authorizing SPS to act as attorney-in-fact for US Bank. However, plaintiff never presented testimony or documentary evidence to support its claim that it was in possession of the note prior to the commencement of the action. (*See Flagstar Bank, FSB v. Anderson*, 129 AD3d 665 [2nd Dept. 6/3/2015].) While Mr. Ruzzi testified that SPS was in possession of the original note signed by defendant, he failed to provide any testimony as to when or how said note came into SPS' possession. He also failed to delineate the chain of title of the note from First Franklin to US Bank, and ultimately SPS. Further, while the power of attorney references the authority provided to SPS in accordance with the pooling and servicing agreement, Mr. Ruzzi testified he had no knowledge of this agreement and could not explain its relevance to this action.

Now, plaintiff may argue that the issue of standing had been resolved by a prior court order issued by Judge Kitzes, and therefore it did not have to establish its legal authority to foreclose. However, Judge Kitzes merely determined that plaintiff possessed the note at the commencement of the action, based upon the paperwork submitted in opposition to defendant's motion to dismiss. Plaintiff did not make a summary judgment motion nor did it seek an order of reference, asking for a determination by the court that it had <u>prima facie</u> proof of entitlement to judgment. Judge Kitzes' decision did not determine as a matter of law whether plaintiff satisfied its burden of proof for judgment. In this matter, while plaintiff was able to admit into evidence the original note and mortgage, it did not provide any testimony or evidence to explain how the loan transferred from the original mortgagee to US Bank. It also failed to present testimony to demonstrate that defendant's loan was subject to the pooling and servicing agreement, which Mr. Ruzzi had no knowledge of, yet

is clearly indicated in the caption as the plaintiff in this matter for whom he testified.

It is also noted that attached to plaintiff's Summons and Complaint were exhibits that included assignments of the mortgage from First Franklin to First Franklin Financial Corporation, and then from First Franklin Financial Corporation to US Bank National Association, as trustee. Defendant repeatedly and vociferously denied obtaining a loan through plaintiff, and insisted her loan was with Bank of America. While she failed to present any evidence that her mortgage was held by Bank of America, the letter provided from Bank of America raised a sufficient defense that warranted plaintiff's presenting evidence that it was the proper holder of the note and mortgage. However, there were no assignments admitted during trial or incorporated into the pleadings that assigned the note from First Franklin to either First Franklin Financial Corporation or US Bank National Association. Without competent, admissible proof that the note was assigned, mere possession of the original note is insufficient to meet plaintiff's <u>prima facie</u> burden of proof at trial.

Further, while the notice of pendency states that the original mortgage was assigned by First Franklin to First Franklin Financial Corporation on December 2, 2005, and recorded on June 6, 2006, the assignment of mortgage was not presented during the trial or admitted into evidence. Further, the notice of pendency states that the mortgage was further assigned from First Franklin Financial Corporation to US Bank National Association, as trustees for the holder of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, on November 14, 2011, and recorded on January 26, 2012. However, these assignments of mortgage were not presented during the trial or admitted into evidence. Even assuming they were properly admitted as part of the notice of pendency and Complaint, it is the note, and not the mortgage, that is the dispositive instrument that conveys standing to foreclosure under New York law. (*See Taylor*, 25

9

NY3d at 361-362; *Deutsche Bank Nat'l Trust Co. v. Monica*, 2015 NY Slip Op. 06453 [3rd Dept. 8/6/2015].) Mr. Ruzzi never testified about the chain of assignments that occurred in this matter, but instead presented the original note and mortgage without explanation. Controlling case law clearly states that it is insufficient to merely present the original note and mortgage if plaintiff is not the originator of said note and mortgage. Rather, plaintiff must present competent, admissible evidence of the chain of title that led to plaintiff's receipt of the original note and mortgage. It is not enough to merely hold the note and mortgage, without proof of the succession of actions that resulted in plaintiff's status as holder.

Without submission of the assignments into evidence and testimony from someone with personal knowledge of the matter to explain the chain of title of note and mortgage in this matter, this Court determines that plaintiff did not sustain its burden to demonstrate that it properly holds the note and mortgage under the applicable law. Therefore, based upon plaintiff's failure to meet its burden of proof at trial, plaintiff's action is dismissed.

This constitutes the report of the referee, for review and determination by assigned Justice Kitzes.

Dated: September 11, 2015

**FILED**
SEP 29 2015
COUNTY CLERK
QUEENS COUNTY

Tracy Catapano-Fox, Esq.
Court Attorney-Referee