UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 (converted on 3/4/2020) |
| | Case No.: 19-46761-nhl |
| SERENA ANTOINETTE MAY | Hon. Nancy Hershey Lord |
| | **Return Date:** April 30, 2020 |
| Debtor. | **Motion Time:** 2:00 p.m. |
| | **Deadline to Respond:** April 23, 2020 |

## <u>NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE** that upon the motion of secured creditor U.S. Bank National

Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust Mortgage

Pass-Through Certificates, Series 2005-FF10 ("Secured Creditor"), and upon all pleadings and

proceedings heretofore had herein, Secured Creditor – through its co-counsel Parker Ibrahim &

Berg LLP – shall join in the motion filed by co-counsel Margolin & Weinreb Law Group, LLP

(ECF Doc. No. 15) and shall further move before the Honorable Nancy Hershey Lord, for an

Order: (i) granting stay relief pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2); (ii) dismissing

debtor Serena May's ("Debtor") bankruptcy case; and (iii) barring Debtor from filing any

bankruptcy petition in any jurisdiction for a period of two (2) years from entry of the Order and

granting prospective stay relief, together with such other and further relief as the Court deems

just and equitable.

> **Date and time of hearing: April 30, 2020**
> **Location:**           **United States Bankruptcy Court**
>                          **271-C Cadman Plaza East**
>                          **Brooklyn, New York 11201-1800**
>                          **Courtroom #3577, 3rd Floor**

**PLEASE TAKE FURTHER NOTICE** that in support of this motion, Secured Creditor

shall rely upon the accompanying Declaration of Rachel G. Packer, Esq., with accompanying

exhibits.  A proposed form of Order will be submitted via ECF in accordance with the EDNY

Local Rules.

PLEASE TAKE FURTHER NOTICE that oral argument is requested on this motion if

opposition is timely filed and served.  The motion shall be deemed unopposed if responsive

papers, stating with particularity the basis of the opposition to the relief sought, are not timely

filed and served in accordance with the Rules of the Court.

Dated:  April 15, 2020                        Respectfully submitted,

                                              **PARKER IBRAHIM & BERG LLP**
*Co-Counsel for Secured Creditor,*
U.S. Bank National Association, as Trustee for the
Holders of the First Franklin Mortgage Loan Trust
Mortgage Pass-Through Certificates, Series 2005-
FF10

*/s/ Rachel G. Packer*
Rachel G. Packer, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Telephone: (212) 596-7037
E-mail:  rachel.packer@piblaw.com

*Please reply to Somerset office*

270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Telephone: (908) 725-9700

To:     Serena Antoinette May
        167-38 109th Road
        Jamaica, New York 11433
        *Pro Se Debtor*

        Serena Antoinette May
        233 Canfield Terrace
        Frederick, Maryland 21702
        *Pro Se Debtor*

Alan Smikun, Esq.
The Margolin & Weinreb Law Group, LLP
165 Eileen Way Suite 101
Syosset, New York 11791
*Co-Counsel for Secured Creditor*

Richard J. McCord, Trustee
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, New York 11554
*Chapter 7 Trustee*

Marianne DeRosa, Trustee
Office of the Chapter 13 Trustee
100 Jericho Quadrangle, Suite 127
Jericho, New York 11753
*Chapter 13 Trustee*

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
*U.S. Trustee*

U.S. Bank National Association
c/o Sheldon May & Associates, PC
255 Merrick Road
Rockville Centre, New York 11570-5211

ECMC
PO Box 16408
St. Paul, Minnesota 55116-0408

Santander Consumer USA, Inc.
P.O. Box 560284
Dallas, Texas 75356-0284

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No.: 1-19-46761-nhl |
| SERENA ANTOINETTE MAY | |
| Debtor. | Chapter 7 (converted on 3/4/2020) |

## DECLARATION IN SUPPORT OF MOTION FOR STAY RELIEF

I, Rachel G. Packer, Esq., hereby declare, under penalty of perjury, as follows:

1.      I am an attorney-at-law admitted to practice in the State of New York and before this Court, and a partner with the law firm of Parker Ibrahim & Berg LLP ("PIB"), co-counsel for secured creditor U.S. Bank National Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10 ("Secured Creditor").

2.      I submit this declaration in further support of the Secured Creditor's pending motion for relief from the automatic stay (Doc. No. 15, hereinafter the "M&W MFR") and in support of Secured Creditor's instant motion for additional stay relief pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) in connection with: (1) a lawsuit filed by debtor Serena Antoinette May ("Debtor") in the United States District Court for the Eastern District of New York assigned Case No. 19-cv-06519(KAM)(LB) (the "EDNY Action"); (2) a UCC Financing Statement filed by Debtor under Filing No. 201911108492852 (the "UCC Statement");[1] and (3) a motion by

---

[1] While Secured Creditor is named in the Appellate Motion, it is not named in the EDNY Action or the UCC Statement.  As PIB and its individual attorneys have been improperly named in the EDNY Action and UCC Statement solely due to their representation of Secured Creditor in connection with this bankruptcy case, the related foreclosure action and appeal, the Secured Creditor, PIB, and its individual attorneys seek the within relief to address and dispose of the EDNY Action, UCC Statement, and Appellate Motion.

Debtor pending before the New York Supreme Court, Appellate Division, Second Department assigned Docket No. 2019-07124 (the "Appellate Motion").

## JURISDICTION

3.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.       The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d) and 1307(c), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1.

## PRELIMINARY STATEMENT

5.       Secured Creditor is entitled to additional stay relief, dismissal of this action, and an order barring Debtor from additional bankruptcy filings for a period of two years for numerous reasons Debtor cannot dispute.

6.       *First*, contrary to the misrepresentations made in Debtor's current bankruptcy petition, Debtor does not own or reside at the property located at 167-38 109th Road, Jamaica, New York 11433 (the "Property"), which she lists on her petition as her primary residence. Indeed, Debtor does not even reside in the state of New York; instead, she has been living in Maryland for the last several years, and she admittedly has tenants living at the Property. Further, Secured Creditor has been the record owner of the Property since May 24, 2018, having obtained a referee's deed in the pending state court foreclosure action against Debtor. Accordingly, the Property is not part of Debtor's bankruptcy estate, there is no existing mortgage on the Property, and the eviction proceedings related to the Property should not be subject to the automatic stay.  Here, it is clear that Debtor simply filed her latest petition to further hinder and

delay the Secured Creditor from evicting the current occupants (which do not include Debtor) and taking rightful possession of the Property.

7.      *Second*, Secured Creditor seeks prospective stay relief and a bar on future bankruptcy filings for a period of two (2) years so that Debtor will not be able to use repeated bankruptcy petitions to frustrate eviction proceedings indefinitely.  This is the second bankruptcy case Debtor commenced within the calendar year 2019.  In the first case, this Court granted stay relief to Secured Creditor with respect to the Property before dismissing the action due to Debtor's failure to cooperate with the Trustee and provide necessary documents.  Months later, Debtor hastily filed this instant case the same day that the Second Department declined her request for a stay of eviction proceedings.

8.      Further, the documents on record with this Court and with the state trial and appellate courts establish that the Debtor filed her latest petition in bad faith, and she can be expected to file again (in this Court or elsewhere) if the current case – in connection with which Debtor has made purposeful misrepresentations to the Court – is dismissed before eviction proceedings can be completed.  Therefore, prospective stay relief precluding Debtor's further use of the Bankruptcy Court as a scheme to hinder and delay enforcement of Secured Creditor's rights is warranted here.

9.      *Finally*, Secured Creditor seeks additional stay relief with respect to Debtor's frivolous EDNY Action, a frivolous UCC Statement naming the undersigned, my colleague Christopher P. Spina, and PIB, and an Appellate Motion seeking to vacate Debtor's dismissed and improper appeal in the related foreclosure action, in order to afford the Secured Creditor an opportunity to dispose of same.

10.    Accordingly, this Court should grant Secured Creditor's application (and that of its co-counsel as requested in the M&W MFR) in its entirety.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

11.    Secured Creditor respectfully joins in and repeats the facts and procedural history as alleged by co-counsel Margolin & Weinreb in the M&W MFR (Doc. No. 15) with the following additional facts.

12.    The Debtor's instant bankruptcy petition, filed just five days before a scheduled foreclosure sale and following denial of her request for a stay by the New York Supreme Court, Appellate Division (the "Second Department"), in a state court foreclosure action which has spanned more than *eight years*, and where the subject property was sold at auction nearly *two years ago*, is nothing more than the latest example of Debtor's dilatory, frivolous, and sanctionable conduct calculated to delay the foreclosure action into perpetuity.  This is Debtor's second bankruptcy filing in the span of less than a year, the prior action having been dismissed by this Court on motion of the Chapter 13 Trustee due to Debtor's failure to make Chapter 13 plan payments to the Trustee, failure to comply with 11 U.S.C. § 521(e)(2)(A)(i), and failure to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1.  *See* true and correct copy of Order Dismissing Case filed June 25, 2019, along with the ECF docket report, annexed hereto as **Exhibit A**.

13.    In addition to Debtor's repeated frivolous filings in the state court foreclosure action, Debtor has also filed the EDNY Action – a frivolous federal complaint in the Eastern District of New York against the undersigned, my colleague Christopher Spina, the state court-appointed foreclosure referee Ralph Russo, the "City Marshall," and various other attorneys (including co-counsel Margolin & Weinreb) who have represented the Secured Creditor in

connection with the foreclosure action and related eviction proceeding.  True and correct copies of the Complaint and Amended Complaint in the EDNY Action are annexed hereto as **Exhibit B** and **Exhibit C**, respectively.  To date, neither the Complaint nor the Amended Complaint in the EDNY Action has been served.  A true and correct copy of the ECF docket report for the EDNY Action (as of January 31, 2020) is annexed hereto as **Exhibit D**.

14.      Notably, as reflected on the docket for the EDNY Action, the action is related to a prior frivolous filing by Debtor (d/b/a "McCrary's Justice Serv.") under Case No. 15-cv-02386-KAM-LB, brought against multiple attorneys, judges, and a court clerk (the "Related EDNY Action").  *See* Ex. D; *see also* true and correct copies of the ECF docket report and filed Complaint for the Related EDNY Action, annexed hereto as **Exhibit E** and **Exhibit F**, respectively.  The Hon. Kiyo A. Matsumoto, U.S.D.J. dismissed the Related EDNY Action *sua sponte* for failure to state a claim upon which relief may be granted finding that Debtor's claims against the judges were barred by judicial immunity, and that Debtor failed to present a basis for federal jurisdiction over her claims.  True and correct copies of the Memorandum & Order and accompanying Judgment dismissing the Related EDNY Action, dated June 3, 2015 and June 5, 2015, are annexed hereto collectively as **Exhibit G**.

A. **The Underlying Foreclosure Action, Debtor's Failure to Obtain a Stay in State Court, and Bankruptcy Filings.**

15.      On May 18, 2012, Secured Creditor commenced a foreclosure action concerning the Property in the Supreme Court of the State of New York, Kings County (the "Supreme Court") under Index No. 10623/2012 (the "Foreclosure Action").

16.      On May 29, 2012, Debtor filed her initial answer, and then filed a second answer with counterclaims on May 16, 2013.  True and correct copies of Debtor's pleadings are annexed collectively hereto as **Exhibit H**.

17.     On March 4, 2014, Secured Creditor filed a note of issue in the Foreclosure Action.   Debtor subsequently filed a motion to vacate the note of issue and to dismiss the Foreclosure Action, alleging Secured Creditor (the plaintiff in the Foreclosure Action) lacked standing to foreclose.   Debtor's motion was denied by order of the Hon. Orin R. Kitzes dated May 14, 2014 and entered on May 22, 2014, wherein Justice Kitzes noted that "[c]ontrary to the defendant's contentions, plaintiff established its lawful status to commence this foreclosure action. . . . Here plaintiff's proof established that it was the holder of the note endorsed in blank and as such had standing to commence this action . . . ."   A true and correct copy of the May 14, 2014 order is annexed hereto as **Exhibit I**.

18.     On or about September 23, 2014, following numerous communications from Secured Creditor's co-counsel to Debtor in an attempt to schedule outstanding depositions, Debtor filed a motion to compel Secured Creditor's deposition, and for contempt, sanctions, and to dismiss, again alleging lack of standing.   Movant subsequently moved for a protective order limiting the scope of Secured Creditor's deposition.

19.     On February 25, 2015, Judge Kitzes issued an order (1) denying Debtor's motion for contempt, sanctions, and dismissal; (2) denying Debtor's request for summary judgment in her favor, (3) denying Secured Creditor's motion for a protective order on the basis that the discovery deadline ordered by the Supreme Court had passed, and (4) directing the parties to appear in the trial scheduling part on March 16, 2015.   A true and correct copy of the February 25, 2015 order is annexed hereto as **Exhibit J**.

20.     On April 13, 2015 and May 18, 2015, a trial was held before Special Referee Tracy Capatano-Fox (the "Special Referee").   Despite acknowledging that Secured Creditor produced the original Note for trial and the prior order by Justice Kitzes finding that Secured

Creditor had established standing in the Foreclosure Action, the Special Referee recommended dismissal of the action for lack of standing in a report dated September 11, 2015. A true and correct copy of the Special Referee's report is annexed hereto as **Exhibit K**.

21.     Thereafter, on March 24, 2016, Secured Creditor served a motion seeking an order rejecting the Special Referee's report, granting summary judgment, striking Debtor's answer, appointing a referee to compute the amounts due to Secured Creditor, entering default judgment against the non-appearing defendant, and amending the caption (the "Summary Judgment Motion"). A true and correct copy of the Summary Judgment Motion, without exhibits, is annexed hereto as **Exhibit L**.

22.     By order dated June 8, 2016 and entered on June 16, 2016, the Supreme Court, *inter alia*, granted Secured Creditor's Summary Judgment Motion, rejected the Special Referee's report, granted Movant an order of reference, struck Debtor's answer, and dismissed Debtor's counterclaims with prejudice (the "MSJ Order"). On August 10, 2016, Secured Creditor served the MSJ Order with a notice of entry. A true and correct copy of the MSJ Order under its corresponding notice of entry is attached hereto as **Exhibit M**. Debtor did not file a motion seeking relief from the MSJ Order.

23.     On January 9, 2017, Secured Creditor served a motion for judgment of foreclosure and sale (the "JFS Motion"). Secured Creditor's counsel then learned that Debtor had moved to Maryland and subsequently served another copy of the JFS Motion papers on Debtor at her Maryland address on February 1, 2017. A true and correct copy of the affidavit of service dated February 1, 2017 is annexed hereto as **Exhibit N**. On or about April 3, 2017, Debtor served opposition to the JFS Motion on Secured Creditor's counsel, but it does not appear that Debtor ever filed the opposition papers with the Supreme Court. True and correct copies of

the opposition and the Queens County Clerk's Minutes are annexed hereto as **Exhibit O** and **Exhibit P**, respectively.

24.    Notably, Debtor acknowledged in her opposition to the JFS Motion that she had already moved out of the Property and rented it to tenants with an option to buy:

> After the plaintiff  lost the case and defendant knew for a fact, He had no standing and could never establish Defendant OWES the alleged MONEY TO ANYONE, DEFENDANT(S) made the
>
> best move of her life, moved to MD. defendant has tenant with OPTION TO BUY IN HOME ALREADY. When getting ready to transfer title it was discoverd by SERENA MAY ( SECURED PARTY CREDITOR)  THAT plaintiff  attorney had ,   ENGAGED IN  TITLE THEIFFT,

Additionally, the return address on the envelope in which her opposition was mailed to Secured Creditor t's counsel at the time reflected that mail should be sent to her "care of" 1667 Colonial Way, Frederic [*sic*], Maryland 21702.



*See id.*

25.    In a subsequent order dated December 15, 2017 and entered on January 2, 2018, the trial court granted Movant's JFS Motion (the "JFS Order").  Secured Creditor served the JFS Order with a notice of entry on January 19, 2018, copies of which were sent to both the Property and to Debtor's Maryland address.   A true and correct copy of the JFS Order under its

corresponding notice of entry is annexed hereto as **Exhibit Q**.  Debtor did not file a notice of appeal or motion seeking relief from the JFS Order.

26.     The Property was sold at public auction on April 13, 2018.  A referee's deed (a true and correct copy of which is annexed hereto as **Exhibit R**) dated May 24, 2018 and conveying the Property to Secured Creditor was recorded in the Office of the City Register on June 21, 2018, under CRFN 2018000205964.

27.     Foreclosure Referee Dominic Villoni, Esq. (the "Referee") filed his report of sale on June 27, 2018 (the "Report of Sale").  Copies of the Report of Sale were served on Debtor at both the Property and her Maryland address on June 25, 2018.  A true and correct copy of the affidavit of service dated June 25, 2018 is annexed hereto as **Exhibit S**.

28.     On July 20, 2018, Secured Creditor filed a motion to confirm the Referee's Report of Sale (the "Motion to Confirm").  Copies of the Motion to Confirm papers were served on Debtor at both the Property and her Maryland address on July 17, 2018.  A true and correct copy of the Motion to Confirm, with affidavit of service, is annexed hereto as **Exhibit T**.  The Motion to Confirm was granted without opposition by the Hon. Pam Jackman Brown on December 5, 2018 (the "Memorandum Decision").

29.     Despite having not opposed the Motion to Confirm, Debtor filed a notice of appeal from the Memorandum Decision confirming the Referee's Report of Sale.  Notably, the Memorandum Decision was not an appealable order.  A true and correct copy of Debtor's notice of appeal is annexed hereto as **Exhibit U**.

30.     As noted in the M&W MFR, on January 22, 2019, Debtor filed a skeleton petition under Case No. 19-40378-NHL which was later dismissed after this Court granted stay relief:

> 19.    On January 22, 2019, Serena Antoinette May (the "Debtor") filed a skeleton
> Petition under Chapter 13 of Title 11 U.S.C. §101 *et seq.* with this Court under Case No. 19-40378-
> NHL (the "First Bankruptcy Filing"). Movant filed a Motion for Relief from the Automatic Stay
> on February 13, 2019 with a hearing scheduled for March 26, 2019. On the morning of the Motion
> for Relief hearing, the Debtor filed opposition claiming that the sale was illegally conducted.
> Movant abided by your honor's instructions and amended the Motion for Relief to reflect the
> foreclosure history and provided documentary proof that the sale was properly and lawfully
> conducted. On May 15, 2019, Movant was granted relief form the stay and the Debtor's objection
> were overruled. On May 28, 2019 the order was duly entered on the docket. The case was
> dismissed on June 25, 2019. Copies of the Docket for 19-40378-NHL and the Order Granting the
> Motion for Relief are attached hereto as **Exhibit L.**

*See* Doc. No. 15 at ¶ 19 and Ex. L.

31.    After filing her notice of appeal, and following the June 25, 2019 dismissal of her

prior bankruptcy action (*see* Ex. A), on July 22, 2019, Debtor presented a motion in the Second

Department by order to show cause requesting a waiver of the applicable filing fees, permission

to perfect the appeal on the original papers, and a stay of the foreclosure proceedings pending the

outcome of the appeal.  The Honorable Hector D. LaSalle signed the order to show cause but

declined to impose a stay, specifically striking out the stay provision.  A true and correct copy of

the signed order to show cause is annexed hereto as **<u>Exhibit V</u>**.

32.    Soon thereafter, the Second Department dismissed Debtor's appeal on its own

motion because Debtor had not opposed the Motion to Confirm, and it denied the remainder of

Debtor's motion as academic.  A true and correct copy of the Second Department's order is

annexed hereto as **<u>Exhibit W</u>**.

33.    On November 7, 2019, Secured Creditor appeared in the Second Department in

response to notice that Debtor planned to present a motion for reinstatement of her dismissed

appeal.  The Second Department scheduled the motion to be returnable on November 18, 2019.

34.     On the morning of November 8, 2019, Secured Creditor appeared again in the Second Department in response to notice from Debtor that she planned to present a second motion – this time by order to show cause – for reinstatement of her dismissed appeal and a stay of the eviction which had been scheduled for November 14, 2019 (the "Appellate Motion" noted above).  Upon presenting the Appellate Motion, Debtor also concurrently withdrew the motion she filed the previous day.  Again, the Second Department signed the order to show cause accompanying the Appellate Motion but declined to stay the eviction.  Moreover, the Second Department also set the return date of the Appellate Motion as November 18, 2019, knowing the eviction was scheduled for November 14, 2019.  A true and correct copy of the Appellate Motion is annexed hereto as **Exhibit X**.

35.     Having again failed to obtain a stay from the Second Department and with the eviction imminent, Debtor filed her latest Chapter 13 bankruptcy petition that same day.  *See* Doc. No. 1 (Petition dated November 8, 2019).

36.     Debtor misrepresented in her petition that she resides at the Property and that over the last 180 days before filing, she has lived in the Eastern District of New York longer than in any other district.  *See id*.  Indeed, throughout the time the undersigned has represented Secured Creditor in the Foreclosure Action and related appeal, Debtor has left repeated harassing voicemails for the undersigned insisting that she does not reside at the Property, and demanding that all papers be served only at Debtor's Maryland address so as not to disturb her "tenants" residing at the Property.

37.     Additionally, in her subsequently filed schedules, Debtor misrepresented that she owns and has lived at the Property from 2001 to the present, and failed to disclose that tenants occupy the Property.  *See* Doc. No. 12; *see also* Ex. R.

14

38.     On March 4, 2020, Debtor filed a notice of voluntary conversion from Chapter 13 to Chapter 7.  *See* Doc. No. 22.

39.     On March 9, 2020, Secured Creditor withdrew its proof of claim (No. 3) filed in this matter due to the fact that the Mortgage has been fully foreclosed and title to the Property was transferred to Secured Creditor by referee's deed on May 24, 2018.  *See* Doc. No. 28.

40.     On March 11, 2020, Debtor filed a letter addressed to the Court making multiple outrageous and incorrect allegations regarding the Court, the Trustee, Secured Creditor, the undersigned, and others.  *See* Doc. No. 29.

**B.  The EDNY Action and UCC Statement.**

41.     As noted in the M&W MFR by co-counsel, at an August 2, 2019 hearing in the eviction action in Queens County Civil Court, "the Debtor was arrested for filing multiple UCC-1's against the Foreclosure Attorneys, Eviction Attorneys, the Per Diem Attorneys and the presiding Hon. Judge Lansden."  *See* Doc. No. 15 ¶ 20 and Ex. M.

42.     Apparently unpersuaded by *sua sponte* dismissal of her Related EDNY Action (*see* Ex. G) and her subsequent arrest for improper UCC filings against multiple attorneys and judges, on November 10, 2019 Debtor subsequently filed a frivolous UCC Statement against the undersigned (incorrectly named therein as "Ragel G. Packer" on behalf of MERS), my colleague Christopher P. Spina (also incorrectly named in connection with MERS), and PIB (incorrectly listed as "Fannie Mae retained").  A true and correct copy of the UCC Statement is annexed hereto as **Exhibit Y**.

43.     Notably, PIB is not retained by Fannie Mae or MERS in connection with Debtor's case, nor do I or my colleague Mr. Spina represent MERS in connection with Debtor's case.

15

Additionally, the UCC Statement contains the following purposeful misrepresentation in order to improperly list PIB, Mr. Spina, and myself as "debtors":

*See* Ex. Y.

44.    The UCC Statement also lists Debtor's Maryland address, further demonstrating that she does not reside at the Property:

*See id.*

45.    Debtor also filed the frivolous EDNY Action against the undersigned and multiple other attorneys (including the foreclosure referee) on November 14, 2019, and amended the complaint in the EDNY Action to include multiple additional attorneys and the "City Marshall" on December 27, 2019.  *See* Exs. B-D.

46.    On February 2, 2020, Debtor (as "McCrary's Justice Services") also filed a frivolous UCC Statement against Chapter 13 Trustee Marianne DeRosa and others.  A true and correct copy of the UCC Statement is annexed hereto as **Exhibit Z**.

47.    For the reasons set forth herein, Movant's application should be granted in its entirety to allow Movant to proceed with actions necessary to dispose of the Appellate Motion, to dismiss the EDNY Action, and to vacate the UCC Statement.

# LEGAL ANALYSIS

## A.  This Court Should Grant Movant Stay Relief for Cause.

48.  Bankruptcy Code § 362(a) imposes an automatic stay on, *inter alia*, enforcing against a debtor or property of the debtor's estate a judgment obtained before commencement of the bankruptcy case, any act to obtain possession of property of debtor's estate, and any act to create, perfect, or enforce any lien against property of the estate.  11 U.S.C.S. § 362(a)(1), (2), (3), and (4).  However, § 362(c) states that the automatic stay on an act against property continues – if not judicially terminated sooner – only "until such property is no longer property of the estate."  11 U.S.C.S. § 362(c)(1).  Furthermore, pursuant to § 362(d)(2), the automatic stay of an act against property can be lifted upon the request of a part where "the debtor does not have an equity in such property" and "such property is not necessary to an effective reorganization."  11 U.S.C.S. § 362(d)(2).

49.  For purposes of § 362(c), "a case is presumptively filed ***not*** in good faith . . . as to all creditors, if – (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period; [or] (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to— (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse."  11 U.S.C.S. § 362(c) (emphasis added) (internal citations omitted).  Further, a case is presumed not filed in good faith if "as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor."  11 U.S.C.S. § 362(c)(3)(C)(ii).

50.     Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay shall be modified for "cause." 11 U.S.C. § 362(d)(l).

51.     "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007). Although bankruptcy courts typically look at a variety of factors, sufficient cause can be found based on a single factor. *In re Rexene Products*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

52.     "Cause" exists to lift the automatic stay where a debtor fails to make regular payments to a secured party under an agreement. *See In re Watson*, 286 B.R. 594 (Bankr. D. N.J. 2002); *In re Jones*, 284 B.R. 92, 98 (Bankr. E.D. Pa. 2002).

53.     Accordingly, Secured Creditor is entitled to relief from the automatic stay because the subject loan has been fully foreclosed and Debtor no longer owns or resides at the Property. Thus, the Property is not property of the bankruptcy estate and this Court should grant stay relief to permit Movant to proceed with the eviction, with resolving the Appeal Motion, dismissing the EDNY Action, and vacating the UCC Statement. *See In re Schiemer,* 2009 WL 741887 (Bankr. D. Ida. Mar. 19, 2009) (holding that cause for relief from stay existed by virtue of debtor's lack of ownership interest in the real property); *see also In re Nyamekye*, 2011 WL 3300335 (9th Cir. BAP Feb. 15, 2011) (same).

54.     Further, "a finding of bad-faith filing may be grounds for relief from the automatic stay." *In re Eclair Bakery Ltd.*, 255 B.R. 121, 138 (Bankr. S.D.N.Y. 2000) ("[T]he requirements for 'cause' for dismissal for bad faith filing, on the one hand, and for relief from the stay for bad faith filing, on the other, are not substantively different, and bad faith has frequently been held to provide sufficient cause to warrant both types of relief").

55.     Here, Debtor's delay tactics in the Foreclosure Action and related appeal, her prior and current frivolous bankruptcy filings and other filings against Movant's attorneys and other individuals, her purposeful misrepresentations in the bankruptcy petition and related schedules, the immediacy of her current bankruptcy filing when she was denied a stay of eviction by the Second Department, and her continued failure to comply with the bankruptcy requirements, all demonstrate that Debtor has not filed this bankruptcy case in good faith.

56.     Accordingly, this Court should grant Movant stay relief for cause, in order to allow Secured Creditor and its attorneys to file the necessary motions to dispose with the EDNY Action and the frivolous UCC Statement.

### B.  **Movant Should be Granted *In Rem* Relief from the Automatic Stay.**

57.     Cause also exists for *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) because the filing of the Debtor's instant petition was part of a scheme to delay, hinder, or defraud creditors involving multiple court filings affecting such real property.  As previously noted, the mortgage loan has been fully foreclosed, the Property went to sale and title transferred to Movant nearly two years ago, and the Foreclosure Action has been pending for more than eight years, delayed time and time again by the Debtor's filing of frivolous motions, appeals, bankruptcy petitions, and UCC filing statements.

58.     Courts have consistently held that the timing and sequence of multiple bankruptcy filings can be relied upon to infer that a debtor is engaging in a scheme to "delay, hinder and defraud." *In re Montalvo*, 2009 Bankr. LEXIS 3168, at *15 (E.D.N.Y. Oct. 5, 2009); *see also In re Keefer*, 2005 Bankr. LEXIS 2149, at *11-12 (S.D.N.Y. Feb. 10, 2005).  "The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." *In re Felberman*, 196 B.R. 678, 681 (S.D.N.Y.

1995); *In re Blair*, 2009 Bankr. LEXIS 4195, at *12 (E.D.N.Y Dec. 21, 2009) ("The mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay and defraud creditors . . . ."). Here, there can be no doubt that the Debtor, through her actions set forth above including two bankruptcy petitions within a one-year period (the first of which was dismissed due to Debtor's failure to make Chapter 13 plan payments to the Trustee, failure to comply with 11 U.S.C. § 521(e)(2)(A)(i), and failure to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1; and the current action, which was at risk of dismissal by the Chapter 13 Trustee for much the same reasons including, *inter alia*, Debtor's failure to file a plan, failure to make Chapter 13 plan payments to the Trustee, failure to provide required affidavits, and failure to appear for the 341 Meeting of Creditors (*see* Doc. No. 19)), is an unrepentant repeat filer who is perpetrating a scheme to delay, hinder, and defraud.

    **C.** **Upon Entry of an Order Granting *In Rem* Relief from the Automatic Stay, the Debtor's Bankruptcy Case Should Also Be Dismissed with a 2 Year Bar on Future Filings and Prospective Stay Relief.**

59.    11 U.S.C. § 1307(c) provides, in pertinent part, that "on request of a party in interest . . . and after notice and a hearing, the court may . . . dismiss a case under this chapter . . . for cause."

60.    "While each of Code sections 707(a), 1112(b), 1307(c) and 362(d)(1) states that the authority it provides--dismissal or relief from stay, respectively--may be granted for 'cause,' and lists one or more examples of cause, each precedes the list with the word 'includes,' and none of those lists is exhaustive. Cause, for either dismissal or relief from the stay, may be found based on unenumerated factors, including 'bad faith.'" *In re Eclair Bakery Ltd.*, 255 B.R. at 137; *see also In re Prud'Homme*, 161 B.R. 747, 749-50 (E.D.N.Y. 1993) (same).

61.    "Section 349(a) provides 'Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge' of a debt in a future filing or bar a subsequent refiling.  A court may bar a subsequent filing or except a debt from the effect of a future filing for cause."  *In re Prud'Homme*, 161 B.R. at 750; *see also In re Frieouf,* 938 F.2d 1099 (10th Cir. 1991), *cert. denied, Frieouf v. U.S.,* 117 L. Ed. 2d 408 (1992); *In re Doss*, 133 B.R. 108, 110 (Bankr. N.D. Ohio 1991); *In re McKissie,* 103 B.R. 189, 193 (Bankr. N.D. Ill. 1989); *In re Walton,* 116 B.R. 536, 541 (Bankr. N.D. Ohio 1990) (imposing a two-year prohibition).

62.    The good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy."  *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997) (internal citations omitted).

63.    Further, 11 U.S.C. § 109(g) provides that no individual may be a debtor within 180 days of the dismissal of a case "for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."

64.    Accordingly, given Debtor's prior bankruptcy filed within one year of the current filing – which was dismissed due to Debtor's failure to comply with the requirements of the Bankruptcy Code as described above, and where stay relief was previously granted in the prior action before its dismissal – and bad faith attempts to delay Movant's enforcement of its rights with respect to the Property, dismissal of this case with a two-year bar on future filings and additional prospective stay relief is warranted.

WHEREFORE, Secured Creditor PIB and its individual attorneys (as further described in footnote 1, *supra*) respectfully requests that its instant motion be granted and that the Court enter an order in the form proposed herewith.

Dated: New York, New York
      April 15, 2020

 

**PARKER IBRAHIM & BERG LLP**
*Counsel for Movant,*
U.S. Bank National Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10

*/s/ Rachel G. Packer*
Rachel G. Packer, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Phone: (212) 596-7037
Fax: (212) 596-7036
E-mail: rachel.packer@piblaw.com